**EXHIBIT "A"**

**PLEADINGS THAT ASSERT CAUSES OF ACTION**

1. Plaintiff's Original Petition

1/6/2015 6:37:04 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3658166
By: Carolyn Overton
Filed: 1/6/2015 6:37:04 AM

**2015-00310 / Court: 127**

NO. _____

| | | |
|---|---|---|
| ADAMS RESOURCES & ENERGY, INC., ADA RESOURCES, INC. and ADAMS RESOURCES EXPLORATION COMPANY, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § § | |
| RANGER INSURANCE COMPANY n/k/a FAIRMONT SPECIALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Adams Resources & Energy, Inc., ADA Resources, Inc., and Adams Resources Exploration Company, and file this Original Petition, complaining of Ranger Insurance Company n/k/a Fairmont Specialty Insurance Company, and for cause of action would show as follows:

### PARTIES

1. Plaintiff Adams Resources & Energy, Inc. ("Adams Resources") is a corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas.

2. Plaintiff Ada Resources, Inc. ("Ada Resources") is a corporation organized under the laws of the State of Texas with its principal place of business in Houston, Texas.

3. Plaintiff Adams Resources Exploration Company ("Adams Exploration") is a corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas.

4. Adams Resources, Ada Resources and Adams Exploration will be collectively referred to as "Plaintiffs."

5. Defendant Ranger Insurance Company n/k/a Fairmont Specialty Insurance Company ("Fairmont") is, upon information and belief, a corporation organized under the laws of the State of California with its principal place of business in New Hampshire. Fairmont can be served by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

6. The damages sought herein are within the jurisdictional limits of this Court.

6a. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs are not yet certain of the amount of damages and will supplement.

7. All or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas. Venue is therefore proper in Harris County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code.

8. Plaintiffs and Fairmont are parties to a Tolling and Standstill Agreement providing that the forum for any suit between them relating to the claims asserted herein shall be the state district court in Harris County, Texas.

## FACTUAL BACKGROUND

9.  For good and valuable consideration, Fairmont issued several general liability insurance policies providing coverage to Plaintiffs. These policies (hereinafter "the Policies") include, but are not limited to:

| Policy No. | Dates of Coverage |
|---|---|
| CGA 499741 | 01/01/1977 – 01/01/1978 |
| CGA 502765 | 01/01/1978 – 01/01/1979 |
| CGA 505218 | 01/01/1979 – 01/01/1980 |
| CGA 505245 | 01/01/1980 – 01/01/1981 |
| CGA 505680 | 01/01/1981 – 01/01/1982 |
| CGA 600009 | 01/01/1982 – 01/01/1983 |
| CGA 600024 | 01/01/1983 – 01/01/1984 |
| CGA 600806 | 01/01/1984 – 01/01/1985 |
| CGA 600819 | 01/01/1985 – 03/01/1986 |

10.  On or about March 5, 2004, Le Petit Chateau de Luxe and Phillip I. Desourmeaux filed suit against Plaintiffs, along with several other defendants, in the Civil District Court for the Parish of Orleans in the State of Louisiana ("Underlying Lawsuit"). The Underlying Suit alleged that the plaintiffs were owners, residents and/or users of property that had been damaged as a result of activities by Plaintiffs.

11.  Plaintiffs were served with the Underlying Suit on or about March 17, 2004. On or about March 30, 2004, Fairmont was provided with written notice of the Underlying Lawsuit.

12.  On or about August 6, 2004, Fairmont notified Plaintiffs that it was refusing to provide them with coverage for the Underlying Lawsuit. Fairmont filed a lawsuit against

Plaintiffs on the same date seeking a declaratory judgment that there was no coverage under the Policies for the claims asserted against Plaintiffs in the Underlying Lawsuit ("Coverage Lawsuit"). Plaintiffs and Fairmont subsequently entered into a Tolling and Standstill Agreement and the Coverage Lawsuit was dismissed. Plaintiffs are filing this suit because the Underlying Lawsuit is still ongoing and Fairmont has refused to extend the parties' tolling agreement.

13. The claims asserted against Plaintiffs in the Underlying Litigation are covered under the terms of the Policies. Fairmont, however, has refused to comply with the terms of the Policies.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

14. Paragraphs 1 through 13 above are incorporated by reference.

15. Despite its contractual obligations, and its willing acceptance of insurance premiums, Fairmont has failed to fulfill its contractual obligations with regard to the Policies. Fairmont's failure to fulfill its contractual obligations constitutes a material breach of the Policies.

16. As a direct and proximate result of Fairmont's breach of the Policies, Plaintiffs have suffered significant damages.

17. Plaintiffs have been required to engage the undersigned attorneys in connection with their prosecution of this matter. Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees incurred in the prosecution of this matter pursuant to § 38.01 of the Texas Civil Practice & Remedies Code.

### COUNT II – VIOLATIONS OF THE TEXAS INSURANCE CODE—UNFAIR SETTLEMENT PRACTICES

18. Paragraphs 1 through 17 above are incorporated by reference.

4

19. In its dealings with Plaintiffs, Fairmont has engaged in unfair claim settlement practices in violation of Chapters 541 and 542 of the Texas Insurance Code. One or more of the following evidences Fairmont's unfair claim settlement practices:

   a. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of claims with respect to which liability has become reasonably clear;

   b. failing to provide promptly to Plaintiffs a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its denial of claims;

   c. failing within a reasonable time to affirm or deny coverage of Plaintiffs' claims; and

   d. refusing to pay claims without conducting a reasonable investigation with respect to the claims.

20. Plaintiffs have suffered damages as a proximate result of the foregoing conduct by Fairmont and are entitled to recover their actual damages, court costs, and reasonable and necessary attorneys' fees.

21. As a result of Fairmont's knowing violations of the Texas Insurance Code, Plaintiffs are also entitled to recover up to three times the amount of their actual damages.

**COUNT III – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

22. Paragraphs 1 through 21 above are incorporated by reference.

23. The relationship between an insurer and its insured is a special relationship. That special relationship imposes a duty on an insurer to deal fairly and in good faith with its insured. By virtue of the Policies, and the relationship between the parties, Fairmont owed and continues to owe Plaintiffs a duty of good faith and fair dealing under Texas law.

24. Fairmont has breached the duty of good faith and fair dealing in at least one or more of the following ways:

   a. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of claims with respect to which liability has become reasonably clear;

    b.    failing to provide promptly to Plaintiffs a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its denial of claims;

    c.    failing within a reasonable time to affirm or deny coverage of Plaintiffs' claims; and

    d.    refusing to pay claims without conducting a reasonable investigation with respect to the claims.

25.    Plaintiffs have suffered damages as a proximate result of the foregoing conduct by Fairmont. Fairmont's conduct was committed with malicious intent; therefore, Plaintiffs are entitled to an award of exemplary damages in an amount determined by the trier of fact.

## COUNT IV – VIOLATIONS OF THE TEXAS INSURANCE CODE—PROCESSING AND SETTLMENT OF CLAIMS

26.    Paragraphs 1 through 25 above are incorporated by reference.

27.    In its dealings with Plaintiffs, Fairmont has failed to comply with certain deadlines imposed by Chapter 542 of the Texas Insurance Code for acknowledging, accepting or rejecting, and paying a claim. Among other things, Fairmont:

    a.    failed to notify Plaintiffs in writing of the acceptance or rejection of their claim not later than the 15th business day after the date Fairmont received the claim; and

    b.    delayed payment of the claim for more than 60 days.

28.    As a result of Fairmont's violations of the Texas Insurance Code, Plaintiffs are entitled to interest on the amount of their claim at the rate of 18 percent a year together with reasonable attorneys' fees.

## CONDITIONS PRECEDENT

29.    All conditions precedent have been performed, occurred or been waived.

## RESERVATION

30. Plaintiffs have incurred and may incur in the future losses as a result of claims in addition to those specifically identified herein. Plaintiffs reserve their right to claim against, and if necessary to sue, Fairmont for insurance proceeds and other damages and legal remedies to which Plaintiffs may be entitled in connection with such losses.

## JURY DEMAND

31. Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that Fairmont be cited to appear and answer herein, and that after a final trial on the merits, the Court enter judgment awarding Plaintiffs the following:

a. actual damages;

b. attorneys' fees;

c. pre-judgment and post-judgment interest as allowed by law at the maximum legal rate;

d. costs of court;

e. exemplary and/or treble damages; and

f. all such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: /s/ Michael E. R.
Michael E. Richardson
State Bar No. 24002838
mrichardson@beckredden.com
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
(713) 951-3700
(713) 9513720 (Fax)

**ATTORNEY FOR PLAINTIFFS**
**ADAMS RESOURCES & ENERGY, INC.,**
**ADA RESOURCES, INC. AND**
**ADAMS RESOURCES EXPLORATION**
**COMPANY**